# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL MIDGLEY, :

    Petitioner : CIVIL ACTION NO. 3:15-1223

v. : (JUDGE MANNION)

KATHLEEN KANE, :

    Respondent :

## O R D E R

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that Ground 6 of the petitioner's petition for writ of habeas corpus be denied and all other grounds set forth in the petition be dismissed without prejudice for failure to properly exhaust state court remedies prior to initiating the instant action. (Doc. 17). No objections have been filed to the report.

When no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also <u>Univac Dental Co. v. Dentsply Intern., Inc.</u>, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Here, the petitioner filed the instant action raising fourteen (14) grounds for relief. After carefully reviewing the state court record and complex procedural history of this matter, Judge Carlson concluded that the petitioner failed to exhaust his state court remedies with respect to all grounds except Ground 6 of the petition. Although doubtful that the petitioner will be able to obtain any relief on the unexhausted grounds of his petition, Judge Carlson recommends that the court dismiss these grounds without prejudice to allow the petitioner, if he chooses, to exhaust these claims in the state court and without prejudice to the Commonwealth to later assert any procedural bar to the claims that the petitioner may pursue.

Judge Carlson determined that the only ground of the petition which was exhausted was Ground 6, in which the petitioner claims that his guilty pleas were involuntary. Upon review of the state court records, Judge Carlson determined that this ground is without merit. In so finding, Judge Carlson gave the state court's legal and factual rulings the required deference. Judge Carlson concluded that the petitioner did not present any clear and convincing evidence that his guilty plea was involuntary.

The petitioner has not filed any objections to Judge Carlson's report. Upon review, the court finds no clear error on the face of the record. As such, the court will adopt Judge Carlson's report in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the report and recommendation of Judge Carlson, **(Doc. 17)**, is **ADOPTED IN ITS ENTIRETY**;

**(2)** the petition for writ of habeas corpus, **(Doc. 1)**, is **DENIED** with respect to the claim asserted in Ground 6 regarding the voluntariness of the petitioner's guilty pleas;

**(3)** the petition for writ of habeas corps, **(Doc. 1)**, is **DISMISSED** without prejudice as to all other grounds because these claims have not been properly exhausted prior to the filing of the petition;

**(4)** the court declines to issue a certificate of appealability; and

**(5)** the Clerk of Court is directed to **CLOSE THIS CASE**.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 20, 2017**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2015 ORDERS\15-1223-01.wpd